UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-197-GWU

SHIRLEY HONAKER, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

07-197 Honaker

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

07-197 Honaker

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

07-197 Honaker

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Shirley Honaker, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of obesity, obstructive sleep apnea, bronchitis, chronic obstructive pulmonary disease, a history of idiopathic pulmonary fibrosis, hypertension, reflux disease, low back pain secondary to degenerative disc disease of the lumbrosacral spine, and chronic knee pain secondary to osteoarthritis, with a mild meniscal tear in the right knee.  (Tr. 23).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mrs. Honaker retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits.  (Tr. 27-31).  The Appeals Council declined to review, and this action followed.

At the second of two administrative hearings, the ALJ asked the VE whether a person of the plaintiff's age of 56, high school education, and history of semi-skilled work experience assembling vacuum cleaners could perform any jobs if she were limited to "medium" level exertion with the ability to stand, walk, and sit six hours each in an eight-hour day, and also had the following non-exertional restrictions.  (Tr. 566).  She: (1) could not climb ladders, ropes, or scaffolds; (2) could occasionally climb ramps or stairs; (3) could not operate foot pedals, crawl, kneel, or crouch; (4) could not perform aerobic activities such as running, jumping,

07-197 Honaker

or working on fast-paced assembly lines; (5) could not be exposed to concentrated vibration, vibrating tools and machinery, dust, gases, fumes, smoke, chemicals, temperature extremes or excess humidity; and (6) had to avoid industrial hazards. (Id.). The VE was able to identify only two jobs which the plaintiff was able to perform with these restrictions, general clerical worker and ticket taker/attendant, with a total of 2,000 positions in the state of Kentucky and 150,000 nationally. (Tr. 567).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff focuses her objections on the reliability of the VE's testimony in carrying the Commissioner's burden of showing that there were jobs that she could perform in the economy. On balance, the court agrees with the plaintiff that the VE's testimony was significantly flawed and should be revisited on remand.

First, as the plaintiff points out, the VE specified that her testimony was consistent with the Dictionary of Occupational Titles (DOT) as required in Social Security Ruling (SSR) 00-4p. (Tr. 570). The VE gave the DOT number of the ticket taker/attendant job as 341.683-010, and the DOT number of the clerical job as 222.387-030. (Tr. 567). The first DOT number describes the position of "golf range attendant," and according to the DOT, it requires frequent exposure to weather, which would appear to be inconsistent with some of the hypothetical factors. The

8

second DOT number does not describe a clerical position; rather, it describes the job of "linen room attendant."

Given that the VE specifically testified that there would be only two jobs available under the hypothetical question which the plaintiff could perform at the "medium" level,[1] any discrepancy between her testimony and the DOT could be of critical importance. The Commissioner suggests that the VE was well-acquainted with the requirements of the jobs she described, but confidence in this conclusion is not bolstered by the citation of a DOT number which did not reflect a clerical position at all, and by the citation of another DOT section which facially conflicts with the requirements of the hypothetical.

Moreover, as the plaintiff also points out, the total of only 2,000 statewide jobs and 150,000 jobs nationally may not represent a "significant number" of jobs.

The Sixth Circuit has noted that it is impossible to "set forth one special number which is to be the boundary between a 'significant number' and an insignificant number of jobs." Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). It instructed that a judge "should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the

---

[1] Given the plaintiff's age, education, and work experience, she would be disabled under the Medical-Vocational Guidelines if she were limited to "light" level exertion. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.04 (2005).

claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on."

In the present case, it does not appear that the ALJ conducted any special analysis.  The total of 2,000 jobs in the state of Kentucky falls short of the 1,350 to 1,800 jobs in a four-county area surrounding Dayton, Ohio that were identified by the VE in Hall, when the latter is projected onto a statewide basis.  Not only were more jobs identified in Hall, but more job categories (four as against two).

The plaintiff also argues that the ALJ failed to perform a proper credibility analysis or assess her allegations of disabling pain, but a review of the ALJ's decision shows that his discussion was adequate in this regard.  (Tr. 28-9).

The decision will be remanded for further consideration.

This the 19th day of March, 2008.

Signed By:
G. Wix Unthank
United States Senior Judge