UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-197-GWU

SHIRLEY HONAKER,                                                                    PLAINTIFF,

VS.                         **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                      DEFENDANT.

Currently before the court is the plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 20 U.S.C. § 2412(d). The defendant has responded that he has no objection to payment of EAJA fees, implicitly conceding that the Commissioner's position was not substantially justified and there are no special circumstances making an award unjust. The Commissioner maintains, however, that the statute does not allow the fee to be paid directly to plaintiff's counsel, as requested, in the absence of a written assignment executed by the plaintiff. While admitting that this position represents a change from past practice, the defendant points to the wording of § 2412, which refers to fees and other expenses being awarded "to a prevailing party." 28 U.S.C. §§ 2412(d)(1), 2412(d)(2)(a).

In response, counsel for the plaintiff argues that the difficulty of collecting fees from clients would jeopardize the certainty of payment of attorney's fees and make it more difficult for Social Security claimants to obtain legal counsel.

1

07-197  Shirley Honaker

In light of a recent ruling by Chief Judge Jennifer B. Coffman, in <u>Powell v. Astrue</u>, London Civil Action No. 07-93-JBC (E.D. Ky. June 2, 2008), the undersigned believes that the weight of recent authority supports the Commissioner's position.  Citing opinions from the Tenth and Eleventh Circuits, Judge Coffman noted that "the clear language of the statute requires attorney's fees to be awarded to the plaintiff as the 'prevailing party,' rather than to the plaintiff's attorney."  Slip op. at 3.  <u>See</u> <u>Manning v. Astrue</u>, 510 F.3d 1246, 1251 (10th Cir. 2008); <u>Reeves v. Astrue</u>, 526 F.3d 732, 738 (11th Cir. 2008).  Although these cases are not binding precedent in this court, they are highly persuasive.

Counsel for the plaintiff argues that language in the unpublished Sixth Circuit case of <u>King v. Commissioner of Social Security</u>, 230 Fed.Appx. 476, 2007 WL 930275 (6th Cir. 2007), supports her position.[1]  As counsel notes, the Sixth Circuit commented that "attorney's fees awarded under EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep."  However, this language is not central to the holding in <u>King</u>.  The case concerned a District Court order denying a motion for attorney's fees under EAJA because it had been brought on behalf of the plaintiff's counsel alone, rather than on the claimant's behalf.  The Sixth Circuit reversed because the pleadings as a

---

[1] Unpublished opinions of the Sixth Circuit are not binding authority, but can be persuasive authority.  <u>Harper v. Autoalliance International</u>, 392 F.3d 195, 205 n. 3 (6th Cir. 2004) (citations omitted).

07-197  Shirley Honaker

whole established that the attorney was seeking fees on behalf of his client. Therefore, King does not squarely address the issue in this case.

Counsel additionally cites the Social Security Administration's Hearings, Appeals, and Litigation Law Manuel (HALLEX) and its Social Security Handbook in support of her position. Clearly, nothing in an internal procedural guide can trump the statutory language where it is unambiguous, as here.

Finally, counsel maintains that the difficulty of collecting EAJA fees from clients would jeopardize the certainty of their eventual receipt, making it more difficult for Social Security claimants to obtain representation and frustrating the underlying purpose of the act itself. While this position has been expressed in several District Court opinions,[2] the undersigned notes that as a practical matter, in the majority of attorney fee petitions which have become ripe since the Commissioner asserted his new stance in August, 2007, attorneys have been able to obtain written fee assignments from their clients, even though the cases had already been won. There does not appear to be any reason to expect, therefore, that attorneys cannot obtain assignments as a matter of course when initially retained, and, since counsel can then expect to be awarded fees routinely, there

---

[2] Some of the decisions include Harrison v. Astrue, 2008 WL 655986 (W.D. Ky. March 7, 2008) and the very illuminating Vargas v. Commissioner of Social Security, 2008 WL 699581 (D. N.J. March 12, 2008), in which it is strongly suggested that the government's motivation for its change in position is a policy to offset EAJA awards against any debts owed to the government by a litigant.

07-197  Shirley Honaker

should not be any impact on the ability of a claimant to obtain representation. Accordingly,

IT IS HEREBY ORDERED that:

(1)     the plaintiff's Application for Attorney's Fees is GRANTED IN PART and DENIED IN PART; and

(2)     the plaintiff is awarded attorney's fees under the Equal Access to Justice Act in the amount of $2,056.25 (16.45 hours x $125.00 per hour).

This the 30th day of July, 2008.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**